CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/18/2026

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
    DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| FRANK VEGA,<br><br>*Plaintiff,*<br>v.<br><br>FOSTEK CORPORATION, ET AL.,<br><br>*Defendants.* | CASE NO. 6:26-CV-00069<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

Plaintiff Frank Vega ("Vega") filed this Title VII and Americans with Disabilities Act ("ADA") case without paying the $405 filing fee. *See* Dkt. 1. Instead, he filed a motion for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. 2, which the Court will grant. Given his IFP status, the Court must conduct an initial screening of her complaint, *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006), and must *sua sponte* dismiss his causes of action if they fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Because his form complaint fails to state any cause of action under either Title VII or the ADA, his claims must be dismissed.

### I.    LEGAL STANDARDS

28 U.S.C. § 1915(e) permits district courts to, on their own motion, dismiss IFP complaints that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). This procedural vehicle is governed by the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Minter v. Clarke*, 2022 WL 4537904, at *3 (E.D. Va. Sep. 12, 2022) (comparing standards). To survive this stage, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court must accept a plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). Although a complaint "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" in order to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Because Vega is proceeding *pro se*, the Court must liberally construe his complaint. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, the Court need not draw inferences that are "unsupported by facts alleged in the complaint." *Green v. McHugh*, 793 F. Supp. 2d 346, 349 (D.D.C. 2011); *see also Grigg v. Montana Dep't of Justice, et al.*, 2026 WL 1134159, at *2 (D.N.D. Feb. 4, 2026).

## II.    BACKGROUND

Vega's form complaint contains no factual allegations.  Dkt. 1. His charge of discrimination, which he filed with the EEOC and attached to his complaint, contains the following statements:

- He was hired by Staff Mark Group on September 15, 2025 and was "contracted at [Fostek Corporation] as a Temporary Employee for the Production Department."

- He "notified Human Resources and [his] Manager of his disability."

- On September 21, 2025, a white co-worker chopped off his finger.[1]

- On September 23, 2025, he "suffered a minor cut."[2]

- On September 29, 2025, he was discharged.

---

[1]    It is unclear how this fact is relevant to race or disability discrimination.

[2]    Same as n.1 above.

- The reason he was given for being discharged was "because of [his] 50-pound lifting limit, [his] disability, and the minor cut [he] suffered."

- He "believes [he] was discriminated against when [he] was discharged and retaliated against based on [his] race (Latino), and disability in violation of Title VII of the Civil Rights Act of 1964 . . . and the Americans with Disability Act . . ."

*See* Dkt. 1-1.

### III.    DISCUSSION

The dismissal of Plaintiff's claims under 28 U.S.C. § 1915(e) does not require an elaborate explanation.  In the charge of discrimination he filed with the EEOC, Vega admits that he was employed by Staff Mark Group, not Fostek Corporation. Dkt. 1-1 at 2.  Title VII and the ADA only protect employees, not independent contractors. See Cilecek v. Inova Health Sys. Servs., 115 F.3d 256, 263 (4th Cir. 1997) (Title VII does not protect independent contractors); *Shao v. Allstate Ins. Co.*, 2025 WL 2734558, at *9 (E.D. Va. Sept. 25, 2025), aff'd, No. 25-2248, 2026 WL 1470496 (4th Cir. May 26, 2026) (same); see also Alvarado v. CITGO Petroleum Corp., 2026 WL 614862, at *1 (5th Cir. Mar. 4, 2026)  (ADA does not protect independent contractors). Because Vega only sues non-employers under these anti-discrimination statutes, his claims fail as a matter of law and must be dismissed.

But even if this was not a sufficient basis for dismissing Vega's claim, he nonetheless fails to include any non-conclusory facts to support his claims of race and disability discrimination and retaliation.  For example, he says he is disabled, but never includes any facts about his disability, how it affected his work, or how his "employer" reacted to his disability. He also baldly asserts that he was "discharged and retaliated against based on [his] race (Latino)," Dkt. 1-1 at 2; however, this type of "naked assertion" without any "factual enhancement" does not move the complaint beyond "the line between possibility and plausibility of entitlement to relief." *Francis v.*

3

*Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Accordingly, his complaint must be dismissed.

## IV.    CONCLUSION

For these reasons, Vega's motion to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**.

However, his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

The Clerk shall administratively close this case and mail a copy of this Order to Plaintiff at his last known address.

It is so ordered.

Entered this 18th day of June, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE