**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **FRANK VEGA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 6:26-cv-00069** |
| **FOSTEK CORPORATION,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT FOSTEK CORPORATION'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Defendant Fostek Corporation,[1] by counsel, for its Answer and Affirmative and Other Defenses to the First Amended Complaint filed by Plaintiff Frank Vega states as follows:

## I. Nature of the Action

1. In response to the allegations in Paragraph 1 of the Amended Complaint, Defendant admits that Plaintiff purports to bring this action based on alleged discrimination, retaliation, and failure to accommodate but denies that any acts or omissions giving rise to a cause of action in favor of Plaintiff occurred.

2. In response to the allegations in Paragraph 2 of the Amended Complaint, Defendant admits that Plaintiff purports to bring this action based on alleged discrimination, retaliation, and failure to accommodate but denies that any acts or omissions giving rise to a cause of action in favor of Plaintiff occurred and further denies that it has violated any law in its treatment of Plaintiff.

[1] Defendant should correctly be identified as "Bedford Storage Investment, LLC d/b/a Fostek Corporation." However, Plaintiff's use of "Fostek Corporation" constitutes a misnomer rather than a misjoinder.

## II. Jurisdiction and Venue

3. The allegations in Paragraph 3 of the Amended Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant does not presently contest subject matter jurisdiction but denies that any acts or omissions giving rise to a cause of action in favor of Plaintiff occurred.

4. The allegations in Paragraph 4 of the Amended Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant does not presently contest venue but denies that any acts or omissions giving rise to a cause of action in favor of Plaintiff occurred.

5. In response to the allegations in Paragraph 5 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied. Defendant received correspondence from the U.S. Equal Employment Opportunity Commission ("EEOC") relating to one Charge apparently filed by Plaintiff in April 2026. Defendant denies that Plaintiff has exhausted his administrative remedies and further denies that any acts or omissions giving rise to a cause of action in favor of Plaintiff occurred.

## III. Parties

6. In response to the allegations in Paragraph 6 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

7. In response to the allegations in Paragraph 7 of the Amended Complaint, Defendant admits that Plaintiff was assigned to its job site through a staffing agency, Staffmark Group. Defendant denies any remaining allegations in Paragraph 7 of the Amended Complaint.

8. In response to the allegations in Paragraph 8 of the Amended Complaint, Defendant admits that Plaintiff was assigned to its production line at the facility in Bedford, Virginia. Defendant denies any remaining allegations in Paragraph 8 of the Amended Complaint.

9. The allegations in Paragraph 9 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any liability to Plaintiff under any law and further denies that any acts or omissions giving rise to a cause of action in favor of Plaintiff occurred.

## IV. Factual Allegations

10. Defendant denies the allegations in Paragraph 10 of the Amended Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Amended Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Amended Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Amended Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Amended Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Amended Complaint.

16. In response to the allegations in Paragraph 16 of the Amended Complaint, Defendant admits that it had the authority to terminate the assignment of workers who had been assigned to Defendant by Staffmark, but denies that it had authority over the termination of such workers' employment by Staffmark. Defendant denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17. The allegations in Paragraph 17 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that it instructs the temporary workers on the jobs that they are sent to perform.

Defendant denies any liability to Plaintiff under any law and further denies that any acts or omissions giving rise to a cause of action in favor of Plaintiff occurred.

18. The allegations in Paragraph 18 of the Amended Complaint consist of legal conclusions and restatements of law to which no response is required. To the extent a response is deemed required, such allegations are denied.

19. In response to the allegations in Paragraph 19 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

20. In response to the allegations in Paragraph 20 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

21. The allegations in Paragraph 21 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any liability to Plaintiff under any law and further denies that any acts or omissions giving rise to a cause of action in favor of Plaintiff occurred.

22. In response to the allegations in Paragraph 22 of the Amended Complaint, Defendant admits that Plaintiff told Human Resources Manager Lisa Arthur about a lifting restriction. Defendant denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23. In response to the allegations in Paragraph 23 of the Amended Complaint, Defendant admits that Ms. Arthur directed Plaintiff to notify his supervisor about his lifting restriction. Defendant denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24. In response to the allegations in Paragraph 24 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

25. In response to the allegations in Paragraph 25 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied. Defendant states further that it is normal practice for employees to sit while awaiting work and denies that any such request would constitute an accommodation.

26. In response to the allegations in Paragraph 26 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied. Defendant states further that it is normal practice for employees to sit while awaiting work and denies that any such request would constitute an accommodation.

27. In response to the allegations in Paragraph 27 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied. Defendant states that it is normal practice for employees to sit while awaiting work and denies that any such request would constitute an accommodation.

28. Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30. In response to the allegations in Paragraph 30 of the Amended Complaint, Defendant admits that an employee named Rick suffered an injury to his finger while working. Defendant lacks knowledge or information sufficient to form a belief regarding the remaining matters alleged in Paragraph 30 and therefore such allegations are denied.

31. Defendant admits the allegations in Paragraph 31 of the Amended Complaint.

32. In response to the allegations in Paragraph 32 of the Amended Complaint, Defendant admits that Plaintiff injured himself with a knife while working. In response to the remaining allegations in Paragraph 32 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

33. In response to the allegations in Paragraph 33 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

34. In response to the allegations in Paragraph 34 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

35. In response to the allegations in Paragraph 35 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

36. In response to the allegations in Paragraph 36 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

37. In response to the allegations in Paragraph 37 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

38. In response to the allegations in Paragraph 38 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

39. In response to the allegations in Paragraph 39 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

40. In response to the allegations in Paragraph 40 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

41. In response to the allegations in Paragraph 41 of the Amended Complaint, Defendant admits that Plaintiff spoke with Ms. Arthur regarding his work with Defendant. Defendant denies the remaining allegations in Paragraph 41 of the Amended Complaint.

42. In response to the allegations in Paragraph 42 of the Amended Complaint, Defendant admits that Plaintiff was informed that he was terminated due to his negligent use of a knife. Defendant denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44. In response to the allegations in Paragraph 44 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

45. In response to the allegations in Paragraph 45 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

46. In response to the allegations in Paragraph 46 of the Amended Complaint, Defendant admits that Plaintiff mentioned another worker's injury while speaking with Ms. Arthur. Defendant denies the remaining allegations in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

52. In response to the allegations in Paragraph 52 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

53. In response to the allegations in Paragraph 53 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

54. In response to the allegations in Paragraph 54 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

55. Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56. In response to the allegations in Paragraph 56 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore such allegations are denied.

57. Defendant denies the allegations in Paragraph 57 of the Amended Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Amended Complaint.

**COUNT I**

61. In response to the allegations in Paragraph 61 of the Amended Complaint, Defendant incorporates the preceding paragraphs as if fully set forth herein.

62. The allegations in Paragraph 62 of the Amended Complaint consist of legal conclusion to which no response is required. To the extent that a response is deemed required, such allegations are denied.

63. The allegations in Paragraph 63 of the Amended Complaint consist of legal conclusion to which no response is required. To the extent that a response is deemed required, such allegations are denied.

64. The allegations in Paragraph 64 of the Amended Complaint consist of legal conclusion to which no response is required. To the extent that a response is deemed required, such allegations are denied.

65. The allegations in Paragraph 65 of the Amended Complaint consist of legal conclusion to which no response is required. To the extent that a response is deemed required, such allegations are denied.

66. Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67. The allegations in Paragraph 67 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

68. The allegations in Paragraph 68 of the Amended Complaint consist of restatements of law to which no response is required. To the extent that a response is deemed required, such allegations are denied.

69. In response to the allegations in Paragraph 69 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's belief state of mind and thus denies such allegations.

70. The allegations in Paragraph 70 of the Amended Complaint consist of legal conclusion to which no response is required. To the extent that a response is deemed required, such allegations are denied.

71. Defendant denies the allegations in Paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Amended Complaint.

73. The allegations in Paragraph 73 of the Amended Complaint consist of legal conclusion to which no response is required. To the extent that a response is deemed required, such allegations are denied.

**COUNT II**

74. In response to the allegations in Paragraph 74 of the Amended Complaint, Defendant incorporates the preceding paragraphs as if fully set forth herein.

75. In response to the allegations in Paragraph 75 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding how Plaintiff identifies and thus denies such allegations.

76. In response to the allegations in Paragraph 76 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's prior medical treatments and thus denies such allegations.

77. Defendant denies the allegations in Paragraph 77 of the Amended Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Amended Complaint.

79. The allegations in Paragraph 79 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

80. The allegations in Paragraph 80 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

81. The allegations in Paragraph 81 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

82. The allegations in Paragraph 82 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

**COUNT III**

83. In response to the allegations in Paragraph 83 of the Amended Complaint, Defendant incorporates the preceding paragraphs as if fully set forth herein.

84. In response to the allegations in Paragraph 84 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and thus denies such allegations.

85. In response to the allegations in Paragraph 85 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and thus denies such allegations.

86. The allegations in Paragraph 86 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

87. The allegations in Paragraph 87 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

88. The allegations in Paragraph 88 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

89. The allegations in Paragraph 89 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

90. The allegations in Paragraph 90 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

91. The allegations in Paragraph 91 of the Amended Complaint consist of restatements of law to which no response is required. To the extent that a response is deemed required, such allegations are denied.

92. In response to the allegations in Paragraph 92 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's belief state of mind and thus denies such allegations.

93. The allegations in Paragraph 93 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

94. The allegations in Paragraph 94 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

95. The allegations in Paragraph 95 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

96. The allegations in Paragraph 96 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

**COUNT IV**

97. In response to the allegations in Paragraph 97 of the Amended Complaint, Defendant incorporates the preceding paragraphs as if fully set forth herein.

98. In response to the allegations in Paragraph 98 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding how Plaintiff identifies and thus denies such allegations.

99. In response to the allegations in Paragraph 99 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and thus denies such allegations.

100. In response to the allegations in Paragraph 100 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the matters alleged and therefore denies such allegations.

101. The allegations in Paragraph 101 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

102. The allegations in Paragraph 102 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

103. The allegations in Paragraph 103 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

104. The allegations in Paragraph 104 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

105. The allegations in Paragraph 105 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

106. The allegations in Paragraph 106 of the Amended Complaint consist of restatements of law to which no response is required. To the extent that a response is deemed required, such allegations are denied.

107. In response to the allegations in Paragraph 107 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's belief state of mind and thus denies such allegations.

108. The allegations in Paragraph 108 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

109. The allegations in Paragraph 109[2] of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

In response to the allegations following Paragraph 109 of the Amended Complaint and under the heading "WHEREFORE," Defendant asserts that the prayer for relief is not a factual allegation to which a response is required. To the extent a response is deemed required, Defendant denies that any damages, injunctive relief, or costs are appropriate in this case, and further denies all allegations in the "WHEREFORE" clause. Moreover, Defendant denies that Plaintiff is entitled to any form of relief.

Defendant denies all allegations in the Amended Complaint that it has not expressly admitted in this Answer and reserves the right to amend this pleading as necessary.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Amended Complaint, Defendant sets forth the following affirmative and other defenses:

1. The Amended Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

---

[2] Plaintiff has labeled the final numbered paragraph in his Amended Complaint as "105." However, the paragraph should be labeled "109" according to numerical order and thus Defendant refers to it as such.

2. The Court lacks subject matter and/or other jurisdiction over all or portions of the Amended Complaint.

3. Plaintiff's claims are barred, in whole or in part, by his failure to adhere to applicable statutes of limitations, statutory deadlines, and/or other statutory or other provisions of law.

4. Plaintiff's claims are barred for failure to exhaust his administrative remedies.

5. The Amended Complaint must be dismissed as untimely because: (a) it was filed more than ninety (90) days after Plaintiff's receipt of a Notice of Right-to-Sue from the Equal Employment Opportunity Commission (42 U.S.C. § 2000e-5(f)(1)); and (b) under Rule 15(c) of the Federal Rules of Civil Procedure, the Amended Complaint does not relate back to the date of Plaintiff's original Complaint to the extent that it does not assert a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.

6. At all applicable times, Defendant acted in good faith and on the basis of legitimate, non-discriminatory, and non-retaliatory reasons with respect to Plaintiff's work. Plaintiff's disability, race, and national origin were not motivating factors in any decision made by Defendant. To the extent that the Court concludes that an unlawful consideration was a motivating factor, Defendant would have taken all actions respecting Plaintiff even in the absence of any such impermissible factor.

7. Defendant had good cause for terminating Plaintiff's assignment.

8. Plaintiff did not engage in protected activity because he did not request an accommodation.

9. Plaintiff did not engage in protected activity because he did not report any inappropriate comments or behavior regarding his disability prior to the termination of his assignment.

10. Plaintiff did not engage in protected activity because he never reported any inappropriate comments or behavior regarding his race or national origin.

11. To the extent that Plaintiff has failed to mitigate, minimize, or avoid any damages allegedly sustained, any recovery against Defendant must be reduced.

12. To the extent that Plaintiff has received monies from third parties relating to the alleged losses in the Amended Complaint, Defendant is entitled to a set-off for all such terms.

13. Any claim for punitive damages should be dismissed because, to the extent that any discriminatory decisions were made by Defendant's agents, such decisions were contrary to the good faith efforts of Defendant to comply with Title VII and the Americans with Disabilities Act, and to the extent any act or omission violated any of these laws, it was in good faith and Defendant had reasonable grounds for believing that the act or omission was not a violation.

14. Plaintiff has failed to plead a sufficient basis for the recovery of punitive damages under the law.

15. Plaintiff cannot recover relief for emotional pain and other damages as such damages, if caused, were caused by factors other than Defendant's alleged acts or omissions.

16. The Amended Complaint contains insufficient information to permit Defendant to raise all available defenses, and Defendant therefore reserves its right to amend and/or supplement this Answer and these defenses to assert additional defenses.

Defendant expressly reserves the right to assert additional defenses, counterclaims, or any other claims it may deem appropriate after further proceedings in this case.

WHEREFORE, Defendant Fostek Corporation respectfully requests that this Court enter an order dismissing the Amended Complaint in its entirety and awarding Defendant its attorneys'

fees and costs for defending this suit and for such other relief as the Court may deem appropriate.

Respectfully submitted,

*s/King F. Tower*

King F. Tower (VSB No. 38767)
Olivia s. Moulds (VSB No. 98318)
Woods Rogers Vandeventer Black PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 322-3899
king.tower@woodsrogers.com
olivia.moulds@woodsrogers.com

*Counsel for Defendant Fostek Corporation*

Dated: August 26, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2026, a true and accurate copy of the foregoing pleading was sent via electronic mail and regular mail to *pro se* Plaintiff Frank Vega, vegf178@gmail.com, at 73 Crystal Lane, Evington, Virginia 24550.

*s/King F. Tower*____